**LOS ANGELES SMSA LIMITED PARTNERSHIP, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**Leonard Communications, Inc., Intervenor.**

**Nos. 95–1307, 95–1320.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 15, 1995.

John E. Ingle, Deputy Associate General Counsel, for appellee Federal Communications Commission.

Theresa Fenelon and Michael A. Conley, Pillsbury, Madison & Sutro, Washington,

DC, for appellant Los Angeles SMSA Limited Partnership.

Frances J. Chetwynd, Cole, Raywid & Braverman, Washington, DC, for appellant Leonard Communications, Inc.

Before: BUCKLEY, WILLIAMS, and GINSBURG, Circuit Judges.

## ON MOTIONS TO DISMISS

PER CURIAM:

In an unpublished order, we are disposing of a number of motions filed in these cases and in the cases with which they have been consolidated. This opinion addresses a single issue raised in connection with the motions by the Federal Communications Commission ("FCC") to dismiss these cases: that is, whether the appeal period begins to run anew upon the withdrawal by the petitioning party of its administrative petition for reconsideration. We hold that it does.

On March 23, 1995, the FCC released an order, *McElroy Electronics Corporation,* Memorandum Opinion and Order, FCC 95–93 ("MO & O"), addressing this court's remand in *McElroy Electronics Corporation v. FCC,* 990 F.2d 1351 (D.C.Cir.1993), which directed, among other things, the reinstatement of the application of Los Angeles SMSA Limited Partnership ("the Partnership") to provide cellular telephone service to unserved areas of the Los Angeles metropolitan statistical area. The Partnership appealed the MO & O to this court and subsequently filed a petition for partial reconsideration with the FCC. On May 30, the Partnership withdrew its administrative petition; ten days later it filed a second notice of appeal from the MO & O because the FCC had moved to dismiss its first appeal as premature.

On April 24, 1995, Leonard Communications, Inc. ("Leonard") filed a petition for reconsideration of the agency's MO & O to the extent it dismissed Leonard's application. On May 23, Leonard withdrew its petition, and within thirty days of that action, filed an appeal from the MO & O.

The FCC now moves to dismiss Leonard's appeal and the Partnership's second appeal as untimely because they were not filed within the initial thirty-day appeal period that began to run upon the release of the MO & O. *See* 47 U.S.C. § 402(c) ("appeal shall be taken ... within thirty days from the date upon which public notice is given of the decision or order complained of.")

■ Any person aggrieved by an FCC order may, however, petition the agency for reconsideration pursuant to 47 U.S.C. § 405(a), in lieu of immediate judicial review. "[T]he filing of a petition for rehearing ... will suspend the running of the period within which an appeal may be taken, and ... this period begins to run anew from the date on which final action is taken on the petition or motion, whether it be denied or granted." *Saginaw Broadcasting Co. v. FCC,* 96 F.2d 554, 558 (D.C.Cir.), *cert. denied,* 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938); *see also Spanish International Broadcasting Co. v. FCC,* 385 F.2d 615, 621 (D.C.Cir.1967). This rule "applies even though a statute fixes a time within which appeal may be taken as a definite period from the entry of judgment." *Saginaw,* 96 F.2d at 558 (citations omitted).

We see no reason why the principles of the general tolling rule should not be applied when an optional administrative petition to reconsider is withdrawn rather than being acted upon by the agency. Although we did not expressly address the issue in *United Transportation Union v. ICC,* 871 F.2d 1114, 1116–18 (D.C.Cir.1989) ("*UTU I*"), or *United Transportation Union v. United States,* 905 F.2d 463 (D.C.Cir.1990) ("*UTU II*"), those cases suggest that there is no jurisdictional impediment to filing an appeal upon withdrawal of an agency petition for reconsideration. In *UTU I,* this court dismissed UTU's petition as premature and stated in dictum that jurisdiction would vest if UTU withdrew its petition or if the ICC denied it, and UTU filed a new appeal. *See UTU I,* 871 F.2d at 1118. The same day this court rendered its decision, UTU heeded the advice, withdrew its agency petition, and immediately filed a second petition for judicial review of the agency's order, over which we assumed jurisdiction and made a decision on the merits. *See UTU II,* 905 F.2d at 466.

■ While we recognize that some risk of manipulation of the appeal period may result from our decision, we are persuaded that the alternative posed by the FCC is not acceptable. Under the FCC's formulation, a party who seeks agency reconsideration must persevere indefinitely, on pain of losing forever its right to judicial review of the agency's initial order. The hardships of such a rule are illustrated in the Partnership's case because it sought only *partial* reconsideration of the MO & O on an issue not raised in its appeal. Under the FCC's view, having sought agency reconsideration of one issue, the Partnership could not then appeal any other aspect of the MO & O. Moreover, having withdrawn its reconsideration petition, the Partnership would be foreclosed entirely from judicial review of any part of the MO & O. Accordingly, we hold that the appeal period begins to run anew on withdrawal by the petitioning party of its administrative petition for reconsideration.

The FCC's motions to dismiss Leonard's appeal and the Partnership's second appeal are denied.

*So ordered.*